PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

FILED
SEP 16 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE __WESTERN__ DISTRICT OF TEXAS

__AUSTIN__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__COLBY RAY WILLIAMSON__
PETITIONER
(Full name of Petitioner)

__TDCJ-CID - COFFIELD UNIT__
CURRENT PLACE OF CONFINEMENT

vs.

__#02162748__
PRISONER ID NUMBER

__BOBBY LUMPKIN, DIRECTOR__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

__1:21CV0828 RP__
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

| | | |
|---|---|---|
| ☒ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| ☐ | Other:_____ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: __368th District Court of Williamson County, Texas.__

2. Date of judgment of conviction: __November 13, 2017__

3. Length of sentence: __Life Sentence in Prison__

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: __Felony Murder under Cause No. 15-1493-K368__

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☒ No

8. Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? __3rd District Court of Appeals__   Cause Number (if known): __03-17-00787-CR__

   What was the result of your direct appeal (affirmed, modified or reversed)? __Affirmed__

   What was the date of that decision? __October 02, 2019__

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: __Trial Court Abused its discretion for failing to allow man-slaughter as a lesser included, that violated the Imputed Theory of Liability.__

   Result: __Refused__

   Date of result: __February 12, 2020__   Cause Number (if known): __PD-1071-19__

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: __N/A__

   Date of result: __N/A__

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __368th District Court of Williamson County__

    Nature of proceeding: __State Habeas Corpus Proceeding__

    Cause number (if known): __WR-92,839-01__

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: March 16, 2021 (Mailed on March 10, 2021)

Grounds raised: (1) Counsel rendered ineffective assistance (a) in failing to object/challenge Juror 16 for cause, strike because ... See attached Page ...

Date of final decision: July 14, 2021

What was the decision? Denied without written order on trial court's findings

Name of court that issued the final decision: Court of Criminal Appeals

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: N/A

Nature of proceeding: N/A

Cause number (if known): N/A

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
N/A

Grounds raised: N/A

Date of final decision: N/A

What was the decision? N/A

Name of court that issued the final decision: N/A

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?  ☐ Yes  ☒ No

    (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: N/A

    (b) Give the date and length of the sentence to be served in the future: N/A

...From Page 4 Question Number 11... juror 16 because he cannot consider the full range of punishment. (b) in failing to object to victim-impact testimony during guilt-innocence, rendering trial constitutionally unfair. (c) in failing to request the proper lesser included offense to felony murder, rendering trial constitutionally unfair. (d) in failing to object to prosecution's prejudicially improper closing, rendering trial constitutionally unfair. And (e) in failing to object to prosecution's prejudicially improper closing, rendering punishment constitutionally unfair. And, the Prosecution closing arguments, during both guilt-innocence and punishment phase, invaded the providence of the jury at closing, rendering guilt-innocence and punishment constitutionally unfair, and in violation to due process.

...From Page 6 Question 20A... Adopted Findings ("Findings"), Pages 9-10.
   During his state habeas appeal, Petitioner argues he is denied state and federal rights when Counsel failed to object to Barbara Kelley's (Mrs. Kelley) improper victim-impact testimony that aroused the passion of the jury. RR12, 164-66. Counsel fell below an objective standard of reasonableness because the prosecution elicited prejudicially inadmissible victim impact testimony, and in a highly emotional trial to secure a conviction through the use of the jury's emotions. Cf. RR8, 11; RR12, 164-66; RR13, 44. The Prosecution explained at trial they were going to have Barbara Kelley to identify the deceased. RR8, 11. Truly, the Prosecution could have used Officer Mitchell, Officer Moehrig, and Lieutenant Jones identify the deceased because they all worked close to the deceased at Hutto Police for the past eight or more years. Cf. RR11, 117, 147; RR12, 10, 162-64. Accordingly, the victim's bill of rights cannot be read to create a right to testify, and there is no legal basis to arouse the emotions of the jury through the decease's mother during guilt-innocence phase of trial.
   The State Court's decision unreasonably applies federal law in holding: "Although the testimony of Barbara Kelley may have had an emotional impact, the evidence did not constitute victim impact evidence. Because her testimony is how she learned of her child's death and shows the witness properly fixed the date of the event in her mind, and provides background information regarding the victim." Findings, Pg. 10. According to the United States Supreme Court in Payne v. Tennessee, and the Court of Criminal Appeals in Mosley v. State, victim impact testimony is evidence concerning the effect that the victim's death will have on others, particularly the victim's ...Continues on Page 6a ...

    (c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?  ☐ Yes  ☐ No  N/A

**Parole Revocation:**

13.    Date and location of your parole revocation: __N/A__

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☐ No  N/A

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?  ☐ Yes  ☐ No  N/A

16.    Are you eligible for release on mandatory supervision?  ☐ Yes  ☐ No  N/A

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: __N/A__

    Disciplinary case number: __N/a__

    What was the nature of the disciplinary charge against you? __N/A__

18.    Date you were found guilty of the disciplinary violation: __N/A__

    Did you lose previously earned good-time days?  ☐ Yes  ☐ No  N/A

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: __N/A__

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: __N/A__

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?  ☐ Yes  ☐ No  N/A

    If your answer to Question 19 is "Yes," answer the following:

    <u>Step 1</u> Result: __N/A__

Date of Result: __N/A__

Step 2 Result: __N/A__

Date of Result: __N/A__

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** State Court unreasonably applied Strickland in deciding Counsel is not ineffective because Mrs. Kelley's testimony is not victim-impact evidence.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Petitioner argues that the State Court's decision unreasonably applied, and is contrary to, Strickland for upholding the decision that "Counsel was not ineffective for failing to challenge BarBara Kelley's testimony (the decease's mother), which does not constitute victim-impact testimony during guilt-innocence phase of trial." Cf. State Court's... See Attached Page 4a ...

B. **GROUND TWO:** State Court unreasonably applied Strickland in deciding Counsel is not ineffective because Juror 16 is not bias in fact concerning sentencing range.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Petitioner argues that the state court's decision unreasonably applied, and is contrary to, Strickland for upholding the decision that "Juror No. 16 is not bias in fact for saying "he would have a hard time assessing a five-year sentence for a murder offense." because he can actually follow it. See Findings, Pgs. 8-9. During his state appeal, Petitioner ... See Attached Page 6a ...

-6-

... Continued from Page 4a ... family members—that is, the Physical, Psychological, or economic effect of the crime on victims or their families. Truly, the state court's decision unreasonably applies the facts because their own factual basis to deny relief conflicts within itself. The State Court cannot decide to deny relief based on a declaration that Kelley's testimony does not constitute victim-impact testimony; when, by its own admission, declare Mrs. Kelley's testimony as victim-impact evidence as quoted: "Officer Chris Kelley's mother testified to the extreme grief and pain experienced from losing her son. In closing argument, the prosecution's argument simply acknowledged the devastating effect Officer Kelley's death had on his parents." See Findings, Pg. 5.

Therefore, had Counsel objected to Mrs. Kelley's victim-impact testimony, there is a reasonable probability the outcome would have been different. First, the evidence at trial sets the highly emotional state of Petitioner's trial. Officer Moehrig was very emotional and crying on video. RR11, 143. Lt. Jones testified that "this is a traumatic and an emotional event." RR12, 16. The death of deceased "significantly impacted all of the members of Hutto PD." RR12, 22. Sergeant Leal was "extremely distraught and emotional." RR12, 24-25. To finally hear the last witness's prejudicially inadmissible victim-impact testimony when Mrs. Kelley's testified: "I started screaming and couldn't stop screaming," and to witness "the most unimaginable horror you could ever see." RR12, 164-66. Habeas relief should be granted because had Counsel objected, the jury would not have heard evidence of the effect the victim's death had on other people, and would not have also heard the prosecution assure them that "two and half years later, the emotion is still so raw. And it was so horrifying for [Decease's mother] to even look at a picture of his body -- that was the unimaginable horror." RR13, 44.

Further, the state court failed to develop the facts for a proper decision, being controversial by nature, concerning Petitioner's claim of ineffective assistance at bar. The State Court never obtained the normal course of having Counsel answer up to his reasoning why he decide to not object, and challenge Mrs. Kelley's prejudicially inadmissible victim-impact testimony during guilt innocence phase of trial. Therefore, this Honorable Court should not only grant habeas relief; but also, grant an evidentiary hearing to obtain trial Counsel's affidavit because controverted factual issues still exist.

... From Page 6 Question 20b ... argues he is denied state and federal

rights when Counsel failed to object and challenge Juror Thompson for cause, attempt to strike or rehabilitate Juror Thompson. Counsel fell below an objective standard of reasonableness because Panelist Number 16 unequivocally expressed a bias that he would not consider the full range of punishment in the following colloquy: (Mr. Prosecutor): "It just means that you have to be able to look at it and say, I will keep my open mind of this [five year sentencing] range, 5 to life or 99 years. Okay? Sir, No. 16? (Juror Thompson): 16. The intention is to take or harm a life -- take a life?" RR10, 143. The Prosecution then provided a circumstance where five years could be an appropriate sentence, in his attempt to rehabilitate and Mr. Thompson's response is: (Juror Thompson): I'd have a hard time with five years. (Mr. Prosecutor): Okay, even on the ones that maybe wasn't intentional? (Juror Thompson): Yes, sir. (Mr. Prosecutor): Okay. Thank you, sir I appreciate your honesty. Does anybody else have any is issue with coming up --(Counsel): Pardon me. What number are you, sir? (Mr. Prosecutor): 16. (Counsel): Thank you. RR10, 144-45. After this, Counsel did not object, challenge Juror Thompson for cause, strike, or attempt to rehabilitate Juror Thompson. RR10; Cr, 107.

The State Court's decision unreasonably applied, and conflicts with federal law in holding "[a] jury who says that he would have a "hard time" assessing a five-year sentence for a murder offense is not bias in fact because he could nevertheless follow it. State Court's Findings, Pgs. 8-9. However, according to the United States Supreme Court in Irin v. Dowd, "the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, indifferent jurors." Therefore, had Counsel challenged Juror Thompson, there is a reasonable probability the outcome would have been different. Habeas relief is warranted because Juror Thompson makes it clear that in assessing punishment the victim is more important than Applicant, has no problem assessing a lengthy sentence, but cannot consider the low range or punishment. Cf. RR10, 192-97, 180-81, 143-45. As a result, the jury assessed a life sentence. RR14, 103-104. Taken together, because Juror Thompson could not be fair and impartial, Counsel was obligated to use a preliminary strike or for cause challenge on Juror Thompson. Truly, had Counsel challenged Juror Thompson, the judge would have struck the juror, and there is a reasonable probability that the jury would not have given the Petitioner a life sentence at hand. RR14, 103-04.

Further, the State Court failed to develop the factual reasoning, that is controversial by nature, of the ineffective assistance claim at hand. The State

Court never obtained the normal course of having Counsel answer up to his reasoning why he decide to not object and challenge Juror Thompson's bias view pertaining to his open-mindedness of the full range of punishment. Therefore, this Honorable Court should grant relief, and an evidentiary hearing to obtain trial Court's affidavit because controverted factual issues still exist.

... From Page 7 Question 20C ... discretion in denying Petitioner's requested jury instruction on the lesser-included offense of manslaughter. Cf. Appellant's Brief, pgs. 11-16.
The State Court denied relief on the rationale that "a comparison of the elements of the two offenses demonstrates that manslaughter requires proof of an element that felony murder does not—a culpable mental state with regard to the death of the individual. Thus, manslaughter is not included within or established by proof of the same or less than all the facts required, to prove felony murder. Consequently, manslaughter is not a lesser-included offense of felony murder ... Therefore, the trial court did not err in denying [Petitioner's] request for a jury charge instruction on manslaughter." See Memorandum Opinion, Pgs. 4-9. The Third District Court of Appeals mainly relies on Lomax v. State for its decision to hold that manslaughter is not a lesser-included offense of felony murder. Id. Further, the State Court's applied the elements approach or test within its main analysis for its legal conclusion. Therefore, this case should be reviewed under the elements approach as declared by the 1989 United States Supreme Court's decision in Schmuck v. United States.
This ground boils down to a single controversy, that the state courts have unreasonably applied its legal conclusion against standing federal law: Under the imputed theory of liability doctrine, this Honorable Court should decide whether an unintented murder can be viewed to include the imputed form of recklessness? If so, than this Honorable Court should grant habeas relief, and declare that manslaughter should have been included as a lesser-included offense of felony murder. Then, declare for the state courts to finish the rest of the elements approach to be analyzed.
In 1999, the Court of Criminal Appeals explained in Aguirre that a Court must look for a manifest intent to disperse with the requirement of culpable mental state, and the silence of a statute about whether a culpable mental state is an element of the offense leaves a presumption that one is required. Under Texas Felony murder statute, the term ... Continues on Page 7a ...

C.  **GROUND THREE:** Under the imputed theory of liability, should the U.S. Constitution require recklessness to be imputed as a mental state to felony murder?

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Petitioner argues that Manslaughter should be a lesser included offense of felony murder because an unintentional murder, under the imputed theory of liability, Due Process and the Equal Protection of laws should demand unintentional murder to be viewed to include recklessness as a mens rea. On Direct appeal, the Petitioner argues the trial court abused its ... See attached Page 6c ...

D.  **GROUND FOUR:** State Court unreasonably applied Strickland in deciding Counsel is not ineffective for not requesting for Count II as a lesser included to murder.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Petitioner argues, in the alternative to ground three herein, that the state court's decision unreasonably applied, and is contrary to, Strickland for upholding the decision that Evading arrest/detention with a motor vehicle causing death is not a lesser included offense of felony murder as charged. Because two elements that are not the same as, or less than, ... See Attached Page 7b ...

21. Relief sought in this petition: First, Petitioner seeks for an evidentiary hearing to obtain trial counsel's affidavit because controversial factual issues still exist. Second, Petitioner seeks for this Honorable Court to grant habeas relief and remand ground three with instructions to finish the lesser included element approach analysis, after a declaration that manslaughter is a lesser included offense to felony murder. And third, grant habeas relief and remand the case back for a new trial, or new sentencing phase.

-7-

... Continued From Page 6c ... "Commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual" presumes that the culpable mental state of recklessness is implied or imputed. In Lomax, the Court of Criminal Appeals announced that felony murder is an unintentional murder committed in the course of committing a felony. Under the United States Code, Federal Courts have declared the same legal conclusion. As defined an "act" is a bodily movement, whether voluntary or involuntary, and included speech. As defined, unintentional murder is a killing for which malice is implied. The Federal Courts have also defined the same. As defined malice is a reckless disregard of the law or of a person's legal rights. Simply put, the Federal Courts have declared the same conclusion.

As Petitioner invokes this Honorable Court to declare the fact that "an unintended murder in the course of committing unauthorized use of a motor vehicle must be viewed as an imputed [or attributed] form of recklessness. Again, the Federal Courts have concluded the same. The facts at Petitioner's trial supports the conscious disregard for human safety that substantially caused the death of the officer. As properly inferred under the theory of liability, the offense of Manslaughter is a lesser-included offense of felony murder because both offenses consequently share the imputed culpable mental state of recklessness, and federal courts have come to the same legal conclusion.

Further, the legal conclusion by the Third District Court of Appeals that "Section 19.02(b)(3) plainly dispenses with all culpable mental state," violates Petitioner's constitutional rights to Due Process and Equal Protection of Laws. Contrary to the State Courts conclusion, federal courts have declared to review the issue de novo, and under the elements approach as defined by the Supreme Court. Finally, the State Court's decision to deny relief unreasonably applies the imputed theory of liability doctrine, that federal courts conclude an unintentional murder is an imputed or implied mental state of recklessness.

Therefore, manslaughter is a lesser-included offense to felony murder, and the trial court abused its discretion for denying the Petitioner's requested lesser included offense of manslaughter to be included in the jury instructions. Taken together, habeas relief is warranted and this Honorable Court should remand this issue back to the state court with instructions that manslaughter is a lesser included offense to felony murder, grant a new trial, or grant a new sentencing at hand.

... Continued From Page 7 Question 20D ... those required to establish the offense charged: the officer was attempting to arrest or detain the Petitioner, and the Petitioner knew the victim was a police officer. <u>Findings, Pg. 12</u>.

During his state habeas, the Petitioner argued he was denied state and federal rights when Counsel failed to request the lesser included offense of evading arrest/detention with vehicle causing death, a second degree felony. Counsel fell below an objective standard of reasonableness because his failure to request the lesser included, and follow through with his sole trial strategy. Truly, Counsel went through great lengths to prove a lesser included offense to felony murder. In opening statement, Counsel explained to the jury they will hear evidence showing Petitioner's guilt of a lesser included, but not felony murder. <u>RR11, 27-29</u>. Both offenses of felony murder and evading arrest/detention causing death dispenses of a culpable mental state of mind. Evidence supports the lesser because "defendant committed evading arrest/detention in a motor vehicle," resulting in a death of an officer, due to the fact that "Officer Kelley loses his grip, he fell back because his legs came out from underneath the car, and the car kind of runs over him." <u>RR11, 26-27, 134, 164, 167, 169, 195-96, 211-14, 177; RR13, 30</u>. State ensures the court "We're not going to ask the court for any lesser in the jury charge." <u>RR13, 8</u>. Defense erroneously requested for a lesser offense of manslaughter, and for Counsel's lack of knowledge and preparation of law, the trial court held "I am denying your request to include manslaughter charge." Because manslaughter has a culpable mental state of recklessness/negligence, but felony murder dispenses of any culpable mental state. <u>RR13, 8-9</u>.

The State Court unreasonably denied relief because it asserted that evading arrest/detention with a vehicle causing death is not a lesser included because there are two elements that are not included in the greater penal code offense of felony murder. The two elements are: (1) the officer was attempting to arrest or detain the Petitioner, and (2) the Petitioner knew the victim was a police officer.

However, in the elements approach by the Supreme Court in <u>Schmuck v. U.S.</u>, the elements of the lesser offense are a subset of the elements of the charged offense, not what the jury found. In Petitioner's indictment the element of Petitioner knowing the victim was a police officer is included in count one as determined in the phrase: "committed or attempted to commit a felony, namely, aggravated assault on a public servant and/or unauthorized use of a motor

vehicle." Cr. 31. In order for a felony of Aggravated assault on a public servant to be committed, Petitioner must know Officer Kelley was acting in his official duty as a police officer. Second, the element of Officer Kelley attempting to arrest or detain the Petitioner is included in Count One of the indictment, and is derived from the term "in immediate flight from the commission." Cr, 31. Comparibly, to be in flight from the commission of a felony, one must be trying to detain or arrest the Petitioner. Therefore, evading arrest/detention in a motor vehicle causing death is a lesser included offense of felony murder.

Further, had Counsel requested the lesser included offense of evading arrest with vehicle causing death, there is a reasonable probability the outcome would have been different. The State was willing to agree on a lesser included offense of evading arrest causing death, not only because it is logical, but also because it was Count Two in the re-indictment. RR13, 9-10; Cr, 31. Therefore, habeas relief is warranted because there could be no strategic reason for "not asking for any lesser includeds," when it is the only trial strategy to undergo in Petitioner's case. RR13, 9-10, 11-14; CR, 31. Taken together, had Counsel requested for the lesser included offense, a new trial is required because the state would have agreed to it, the court would have granted it, and the jury (in their 3 hour and 20 minute deliberation) would have found Petitioner guilty only for the lesser offense. RR13, 9-10, 47, 53; Cr, 31.

Finally, the state court failed to develop the facts for a proper decision, being controversial in nature, concerning Petitioner's claim of ineffective assistance claim at bar. The state court never obtained the normal course of having counsel answer up to his reasoning why he decided to not request for the evading arrest/detention in vehicle causing death to be included in the jury instructions. Therefore, this Honorable Court should not only grant habeas relief; but also, grant an evidentiary hearing to obtain trial counsel's affidavit because controverted factual issues still exist.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☒ No
    If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

    N/A

    If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No   N/A

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
    ☐ Yes   ☒ No

    If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    N/A

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

    N/A

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Joe James Sawyer, 505 W. 12th Street, Suite 204, Austin, Texas 78701
    (b) At arraignment and plea: Joe James Sawyer, same as above.
    (c) At trial: Joe James Sawyer, same as above.
    (d) At sentencing: Joe James Sawyer, same as above.
    (e) On appeal: Kristen Jernigan, 203 S. Austin Ave., Georgetown, Tx. 78626
    (f) In any post-conviction proceeding: Colby Williamson, Pro se, 2661 FM 2054, Tennessee Colony, Texas 75884

-8-

(g) On appeal from any ruling against you in a post-conviction proceeding: Colby Williamson, pro se, 2661 fm 2054, Tenn. Colony, Tx. 75884

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

This Petition is timely, by the File Stamped date the deadline is September 08, 2021. By the Mailbox Rule for the incarcerated the Deadline is September 14, 2021.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_Colby Williamson_
Signature of Attorney (if any)

No Attorney, Pro se Litigant.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

September 07, 2021 (month, day, year).

Executed (signed) on September 07, 2021 (date).

_Colby Williamsen_
Signature of Petitioner (required)

Petitioner's current address: 2661 FM 2054; Tennessee Colony, Texas 75884

-10-